GILDA P. BIESENBACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Biesenbach v. Commissioner
Docket No. 2756-73.
United States Tax Court
T.C. Memo 1975-210; 1975 Tax Ct. Memo LEXIS 158; 34 T.C.M. (CCH) 912; T.C.M. (RIA) 750210; June 30, 1975, Filed Gilda P. Biesenbach, pro se. Robert W. Lynch, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,143.00 in petitioner's Federal income tax for 1971. The issue we must decide is whether the entire amount of payments received by petitioner from her husband under a support order is includable in her gross income by virtue of section 71. [1]
*159 FINDINGS OF FACT Most of the essential facts have been stipulated. During 1971 petitioner was married but separated from her husband, Ginn M. Biesenbach (hereinafter referred to as Ginn). She filed a separate income tax return for that year on the cash basis method of accounting with the district director, Internal Revenue Service, Philadelphia, Pennsylvania. She resided in Shillington, Pennsylvania, on the date the petition herein was filed. On November 25, 1969, an order of support was entered against Ginn in the Court of Common Pleas of Berks County, Pennsylvania. The order incorporated a stipulated agreement between the parties, which recited in pertinent part: 1. That Prosecutrix, Gilda P. Biesenbach, is entitled to receive support for herself. * * *
3. That the parties' two children, Leslie and Maxine Biesenbach, are entitled to receive support from the Defendant. * * *
5. That a temporary order be entered in favor of the Prosecutrix, Gilda P. Biesenbach, Maxine and Leslie Biesenbach, in the sum of $125.00 per week effective the 31st day of October, 1969, without prejudice as to amount. Maxine and Leslie Biesenbach were the two daughters of petitioner *160 and her then husband and resided with petitioner during the taxable year in question. Petitioner received the sum of $6,500.00 from Ginn pursuant to the above order in 1971. On September 26, 1973, the Court of Common Pleas of Berks County ordered the support payments to petitioner increased to $1,000.00 per month "for the support of herself and one child," retroactive to May 8, 1973. In the course of its opinion, the court said: In the tax bracket defendant finds himself, an increase will to a considerable extent result in some tax saving to him. He files an individual return and takes credit for support payments. An increase in the order will substantially increase the tax liability of the wife. With these matters in mind * * * it is our conclusion that an order of $1,000 per month for the wife and one child is fair, just and proper under all the evidence. The 1969 and 1973 orders were issued by different judges. On her return for 1971 petitioner did not include any portion of the $6,500.00 paid by Ginn in her gross income. Respondent determined that the entire amount should be so included. OPINION Petitioner now contends that the 1969 order under which she received $6,500.00 *161 from her then husband in 1971 was intended to provide separate amounts for the support of herself and her two daughters. She recognizes the rule regarding support payments framed by the Supreme Court in , which we are bound to follow: The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. This language is applicable to the support order in question here. There can be no question that the order does not "fix" the amount payable for support of the children within the meaning of Lester and section 71(b). At trial, petitioner requested additional time in which to secure an order of the Court of Common Pleas, correcting the 1969 order nunc pro tunc, *162 to allocate the $125.00 weekly support payments among herself and her daughters. We have held that in some circumstances such an order will operate retroactively to determine the taxable or nontaxable nature of support payments. . The record was kept open for over six months to permit petitioner to submit proof that an amendment of the support order has been issued. She has been unable to do so. Nor has she raised any other argument that would justify excluding any part of the payments she received from her gross income. We therefore are required to sustain respondent's determination on the basis of ; ; . Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule.-- * * *
(3) Decree for support.--If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her * * * from her husband under a decree * * * requiring the husband to make the payments for her support or maintenance. * * * (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree * * * fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * *↩